[Cite as *Woosley v. St. Joseph Cemetery Assn.*, 2026-Ohio-2476.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| JAY WOOSLEY, | : | APPEAL NO. C-250204 |
| | | TRIAL NO. A-2202847 |
| and | : | |
| CARSON EDWARDS, | : | |
| Plaintiffs-Appellants, | : | *JUDGMENT ENTRY* |
| vs. | : | |
| ST. JOSEPH CEMETERY ASSOCIATION, | : | |
| | : | |
| and | : | |
| | : | |
| JOHN KAINE, Administrator of the Estate of Stephen P. Kaine, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| ROBERT WINTER, et al., | : | |
| Defendants. | : | |


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

## OHIO FIRST DISTRICT COURT OF APPEALS

**To the clerk:**

**Enter upon the journal of the court on 6/30/2026 per order of the court.**


**By:**_____
        **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAY WOOSLEY, | : | APPEAL NO. C-250204 |
| | | TRIAL NO. A-2202847 |
| and | : | |
| CARSON EDWARDS, | : | |
| Plaintiffs-Appellants, | : | *O P I N I O N* |
| vs. | : | |
| ST. JOSEPH CEMETERY ASSOCIATION, | : | |
| | : | |
| and | : | |
| | : | |
| JOHN KAINE, Administrator of the Estate of Stephen P. Kaine, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| ROBERT WINTER, et al., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 30, 2026

*Croskery Law Offices* and *Robert F. Croskery*, for Plaintiffs-Appellants,

*Schroeder, Maundrell, Barbiere, & Powers, Matthew J. Byrnes* and *Christopher L. Moore*, for Defendant-Appellee St. Joseph Cemetery Association,

*John Kaine, Administrator of the Estate of Stephen P. Kaine*, pro se.

**ZAYAS, Judge.**

{¶1}     This case concerns whether the trial court properly found on summary judgment that no partnership agreement existed between plaintiffs-appellants Jay Woosley,[1] Carson Edwards and former defendant-appellee Stephen P. Kaine.[2] Woosley and Edwards appeal from the judgment of the trial court and argue in a single assignment of error that the trial court erred in making this determination where the summary-judgment evidence, when construed in their favor as the nonmoving parties, shows that these parties agreed to form a partnership and buy certain real property. However, even assuming the trial court erred in finding that no partnership agreement existed, Woosley and Edwards have failed to show prejudicial error in the trial court's decision where the summary-judgment evidence, even when viewed in a light most favorable to them, fails to show that any equitable interest in the property was ever created *in favor of the partnership*. Therefore, we overrule the assignment of error and affirm the judgment of the trial court.

## I. Summary of the Dispute

{¶2}     The instant dispute began when Kaine, Woosley, and Edwards discussed starting a business together at the property in question. Based on their deposition testimony, all three individuals seemed to agree that they soon met with the owner to view the property and began negotiations to purchase the property as a part of their joint business venture. Where the parties began to disagree is about the terms of the purchase. In essence, they disagreed as to whether they jointly purchased the building, inclusive of its contents, with joint funds of varying amounts or whether

---

[1] A different spelling of this name appears in the record. This court utilizes the spelling as set forth in the case caption for purposes of this opinion.

[2] Kaine, initially a defendant-appellee, passed away during the pendency of this appeal, and John Kaine, Administrator of the Estate of Stephen P. Kaine, was substituted as appellee in this case on January 28, 2026.

the building was purchased separately from its contents by separate parties.

{¶3} According to Edwards and Woosley, all three contributed monies toward the purchase price of the property, inclusive of its contents, in varying amounts. According to Kaine, he just wanted to purchase the building and not its contents, while Edwards wanted certain equipment on the first floor and Woosley wanted the contents of the third floor. So, he reached an agreement with the owner wherein he would buy the building with his money, Edwards's money would go "to buy the non-fixed assets of floor one," and Woosley's money would go "to buy the non-fixed assets of floor three." Kaine claimed that Edwards and Woosley were "well aware of the details" of this agreement and knew "this [was] all [he was] giving [the owner]."

{¶4} Ultimately, the real property was purchased in November 2019 and placed in Kaine's name only. The parties appeared to all agree that the intent thereafter was for the real property to be placed in a soon-to-be-formed LLC wherein they would share ownership. However, the parties again diverge as to the terms of when the property was to be placed in the to-be-formed LLC. According to Edwards and Woosley, the property was to be placed in the LLC the following day. According to Kaine, the property was to be placed in the LLC once Edwards and Woosley contributed enough towards the planned business venture to earn sufficient equity to match his investment.

{¶5} After the purchase, the parties discussed their planned joint business venture for the property, made plans for the business, made some changes to the property in anticipation of the business, and purchased some new items for the business. However, the property was never placed in any LLC and remained solely in Kaine's name.

{¶6} After Edwards and Woosley persistently requested a writing from Kaine

evidencing their claimed interest in the property via the partnership agreement, the parties executed what was purported to be a one-page written partnership agreement in April 2020. Among other things, the agreement states, "This document is to verify the partnership of property and assets located at [the property]. Due to but not limited to restricted time constraints a partnership agreement is formed to clarify the owners of said property and assets are in agreement of all parties involved." It further stated, "This document is formed as an agreement of a partnership and LLC being set-up for Dink's Turn-A-Round Restaurant . . .."

{¶7} In the end, the business venture never came to fruition and Kaine sold the property to defendant-appellee St. Joseph Cemetery Association ("SJC") against the wishes of Edwards and Woosley. After the purchase contract was signed, SJC became aware of Edwards's and Woosley's claims of interest in the property and halted the sale for a time but eventually proceeded to closing on the sale.

## II. Procedural History

{¶8} Woosley and Edwards ("plaintiffs") initiated this action against Kaine, SJC, and defendant Robert Winter, among others. The crux of the action concerns plaintiffs' claimed equitable interests—via the alleged partnership agreement—in the real property that was sold by Kaine to SJC. Relevant here, plaintiffs sought a declaration as to the interests in the property and to quiet title and sought money damages based on alleged conversion of their equitable interests in the property via the asserted partnership agreement and a supposed conspiracy to commit the conversion between Kaine, Winter, and SJC.

{¶9} Kaine asserted counterclaims for breach of contract and unjust enrichment based on the alleged agreement wherein Kaine was to purchase the real property and plaintiffs were to "acquire the non-fixture contents of the Property, . . .

6

which would not be useful for the business venture . . .."

{¶10} Ultimately, all parties respectively moved for summary judgment on the claims against them. Relevant here, Kaine moved for summary judgment on the claims against him, asserting that the claims lacked merit where there was no evidence that the plaintiffs ever owned the property at issue, no partnership, and no credible evidence to support the damages claimed by the plaintiffs. Kaine argued that there was "no documentation of any kind showing that Kaine, after he bought [the property], was obligated to transfer the property to any LLC or any other owners," and that such an obligation is required to be in writing under the statute of frauds. Kaine further argued that Ohio law does not recognize a cause of action for conversion of real property and conversion of an alleged partnership interest in real property "is the same thing as conversion of real property itself."

{¶11} Plaintiffs filed a combined memorandum in opposition to summary judgment and a cross-motion for summary judgment on Kaine's counterclaims, asserting that Edwards, Kaine, and Woosley formed a partnership and decided to acquire the property temporarily in Kaine's name until an LLC was formed the next day wherein all three would hold title, yet Kaine retained legal title to the property—despite "finally" signing a partnership agreement—and eventually sold the property to SJC. Plaintiffs argued that, under Ohio law, they are entitled "to claim an equitable interest in real estate, otherwise known as a constructive trust, based upon Kaine's actions." More specifically, they asserted that Kaine held a 55 percent equitable interest in the property in trust for them "until he formed an LLC in which all had the appropriate interest."

{¶12} Kaine filed a reply in support of his summary-judgment motion, arguing that none of the avenues raised by plaintiffs "provided for their own personal interest

in the property." He asserted that, even if a partnership existed or even if the plaintiffs were members of an LLC that owned real estate, they would not personally have an interest in the real estate, and they are suing in their individual capacities. He further argued that this case "is the textbook example of why the Statute of Frauds exists," and that the plaintiffs' claim of a constructive trust cannot prevail where "there is no viable underlying cause of action."

{¶13} SJC moved for summary judgment, asserting that each of the plaintiffs' claims were based on the presumption that a partnership was formed and the property titled in Kaine's name belonged to the partnership, yet there is no evidence of a valid partnership and no evidence that the property was partnership property even if there was such a partnership. More specifically, SJC argued that the April 2020 partnership agreement between plaintiffs and Kaine—which was formed *after* the property was purchased by and titled in Kaine's name—was, at best, an "agreement to agree" that reflects the intent of a future partnership, which is insufficient to establish a partnership under R.C. Ch. 1776. Further, SJC argued that the April 2020 agreement "neglects to reference the transfer of title into the name of the partnership," and a written agreement is required under the statute of frauds for plaintiffs to claim the alleged interest in the property.

{¶14} Plaintiffs filed a memorandum in opposition to summary judgment, arguing that their "common law claim for equitable action is viable as it has not been super[s]eded by statute." They asserted that, while they agree that the property was legally transferred under R.C. 1776.32(A)(3), they are claiming that the property was wrongly transferred and that SJC has actual knowledge of this fact. In other words, they argued that just because Kaine could legally transfer title to the property to SJC, "that does not mean it may be done without consequence." (Emphasis deleted.) They

asserted, "If Kaine did not have sole equitable possession of the property, he could not convey all the equitable interest in the property; he could convey only his share of equitable interest."

{¶15} SJC filed a reply in support of summary judgment, arguing that, even assuming a partnership existed, plaintiffs' claimed equitable interests in the property are nonexistent. It asserted that, contrary to R.C. Ch. 1776, plaintiffs continue to maintain that they have an interest in the property despite conceding that (1) the documents of sale to Kaine did not indicate the existence of a partnership, (2) the property was legally transferred to SJC, and (3) the agreement to transfer the property into an LLC at the time it was acquired by Kaine was an oral agreement.

{¶16} Ultimately, after hearing oral arguments, the trial court entered a decision granting all summary-judgment motions. The court stated,

> It is the Court's position that no legitimate partnership between Woosley, Edwards, and Kaine ever existed. It is telling that Kaine purchased the property in November 2019 and sold it to the Cemetery Association in 2022. In the 2.5 years of ownership, the property remained solely in Kaine's name – ownership of the property was never transferred into the name of any partnership. In addition, no meeting of the minds between these individuals existed in which any contract, written or oral, could be formed. As the sole owner of the property in question, Kaine's sale of the property to the Cemetery Association was legitimate and the Association's title search and due diligence was sound. Accordingly, all the outstanding motions are granted.

{¶17} Plaintiffs now appeal, arguing in a single assignment of error that the trial court erred by granting summary judgment in favor of Kaine and SJC.

### III.  Law and Analysis

### A.  Standard of Review

{¶18}   "This court reviews a trial court's grant of summary judgment de novo." *Environmental Solutions & Innovations, Inc. v. Edge Eng. & Science, LLC*, 2023-Ohio-2605, ¶ 6 (1st Dist.), citing *Mid-Century Ins. Co. v. Stites*, 2021-Ohio-3839, ¶ 10 (1st Dist.).  "Summary judgment should be rendered in the [moving] party's favor if the timely filed Civ.R. 56(C) permissible evidence shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Id.*, citing Civ.R. 56(C).  "Summary judgment 'shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.'" *Id.*, citing Civ.R. 56(C).

{¶19}   "In other words, to obtain summary judgment, the moving party must show (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion when reviewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Id.* at ¶ 7, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  "The moving party has the initial burden of informing the trial court of the basis for the party's motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim." *Id.*, citing *Dresher v. Burt*, 76 Ohio St.3d 280, 293 (1996).  "If the moving party meets this initial burden, the nonmoving party then bears the burden of setting forth 'specific facts showing that there is no genuine issue for trial.'" *Id.*, citing Civ.R. 56(E).  "If the nonmoving party does not do so, then summary judgment is appropriate and must be

entered against the nonmoving party." *Id.*, citing Civ.R. 56(E).

### B. Arguments

{¶20} In the sole assignment of error, plaintiffs assert that the trial court erred to their prejudice by granting summary judgment in favor of Kaine and SJC and "finding that no meeting of the mind[s] existed to form a partnership to buy a property together and open a restaurant and bar when the evidence, construed in their favor as the non-moving parties, showed the requisite intent to do both." They argue that the testimony of the parties sufficiently established the existence of "a contract to form a partnership" where (1) plaintiffs testified "that a partnership was formed to buy a building and run a business" and "that they made payments toward the purchase of the building, drew up a business plan, had keys, exercised control establishing an inference of ownership, and contributed in buying fixtures, paying for taxes, and paying for electrical service," (2) the previous owner's son testified that all three agreed, in his presence, that they would "share ownership of the property 'as soon as it was transferred to an LLC' which was supposed to happen 'immediately,'" and (3) the "written documents" (the receipt for Woosley's $5,000 payment and the written partnership agreement) prove the existence of a partnership and provide key terms.

{¶21} SJC argues—among other things—that the assignment of error should be overruled as, even if plaintiffs prevail in proving the existence of a partnership, they do not challenge the trial court's finding that the real property was never in the name of the partnership and did not constitute partnership property, which is fatal to their appeal as they are unable to show prejudice even if the trial court did err in finding that no partnership existed.

### C. Analysis

{¶22} Even assuming that the trial court erred in finding, as a matter of law,

that no partnership existed between Kaine and the plaintiffs, plaintiffs have failed to show prejudicial error in the trial court's decision.

{¶23} The trial court found that the property solely remained in Kaine's name. This was, in essence, a finding that the alleged partnership held no *legal* interest in the property. Notably, the transfer documents indicate that the property was acquired by Kaine in his individual capacity with no mention of the alleged partnership, and there is no evidence that partnership assets were used to purchase the property. *See* R.C. 1776.23(E) ("Property acquired in the name of one or more of the partners, when there is no indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership and without the use of partnership assets, is presumed to be separate property, even if used for partnership purposes."). Further, the allegation is that the intent was for the property to be held jointly in *an LLC*, not as partnership property. Thus, plaintiffs do not seem to dispute that the alleged partnership did not hold a *legal* interest in the property.

{¶24} Rather, plaintiffs assert that the trial court's finding of no partnership was prejudicial where it prevented the trial court from considering their "partnership-derived equitable claims."

{¶25} The equitable claim that seemed to be advanced below was a constructive trust *in favor of the partnership* where Kaine—when viewing the evidence in a light most favorable to the plaintiffs—agreed, as a part of the partnership agreement, to purchase the property and then transfer the property to an LLC the following day.

{¶26} Plaintiffs asserted below,

> [O]nce Kaine took legal title to the property under the
> partnership understanding that he would form an LLC the next day and

put the property in all three *members'* names, a constructive trust was

formed: although Kaine held legal title in his own name, his partners

had equitable shares and his title was held in trust for them, such that

he had a duty to hold and disburse their equitable shares.

(Emphasis added.)

**{¶27}** "A constructive trust is an equitable remedy that arises by operation of law against one who, through any form of unconscionable conduct, holds legal title to property where equity and good conscience demand that he should not."[3] *Hunter v. Green*, 2012-Ohio-5801, ¶ 40 (5th Dist.), citing *LeCrone v. LeCrone*, 2004-Ohio-6526, ¶ 11 (10th Dist.). "A constructive trust is an appropriate remedy against unjust enrichment, and, although usually invoked when property has been acquired by fraud, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a person even though the property was acquired without fraud." *Id.*, citing *Ferguson v. Owens*, 9 Ohio St.3d 223, 226 (1984). "Where a person holds title to property against equity and good conscience and will be unjustly enriched by retaining title, Ohio courts have not required, as a prerequisite for a constructive trust, that the holder obtained title by fraudulent or questionable means." *Id.*, citing *Groza-Vance v. Vance*, 2005-Ohio-3815, ¶ 27 (10th Dist.).

**{¶28}** A constructive trust will not be imposed "just because there has been a moral wrong or abuse of a business or other relationship; rather, it requires a showing of a wrongful acquisition or retention of property." *Soley v. Soley*, 2014-Ohio-3965, ¶ 20 (6th Dist.), citing *Sorgen v. Sorgen*, 1995 Ohio App. LEXIS 1200, *4 (6th Dist. Mar. 31, 1995).

---

[3] A constructive trust is an exception to the statute of frauds. *Teeter v. Teeter*, 2014-Ohio-1471, ¶ 16 (7th Dist.), citing *Hunter v. Green*, 2012-Ohio-5801, ¶ 37 (5th Dist.).

**{¶29}** Here, even viewing the evidence in a light most favorable to the plaintiffs, no partnership funds were used to purchase the property (rather, it was their individual funds) and no evidence was put forth that any of the alleged changes to the property on behalf of the partnership in any way influenced the sale price of the property when it was sold to SJC. Further, there is no evidence that the sale proceeds would have gone to the partnership even if the LLC had been formed where there was no allegation that the partnership itself was to be a member of the LLC. Rather, all the summary-judgment evidence consistently shows that the intent was for the three *individuals* to be members of the LLC. Further, the one-page written partnership agreement that claims to "verify" or "clarify" the "partnership of property and assets located at [the property]" still references the agreement to create an LLC. Thus, there was no evidence that Kaine was unjustly enriched by retaining money or benefits of *the partnership*. Therefore, the evidence fails to show that a constructive trust, or any equitable interest in the property, was ever created *in favor of the partnership*.

**{¶30}** Accordingly, we overrule the assignment of error where, even when assuming that the trial court erred in finding that no partnership existed, plaintiffs have failed to show prejudicial error in the trial court's decision.

### IV. Conclusion

**{¶31}** For the foregoing reasons, we overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.

14